UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LAWRENCE GREEN,

                           Plaintiff,

          -against-

FEDERAL JUDGE KIYO A. MATSUMOTO, *et al.*,

                         Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-6521 (RRM) (LB)

ROSLYNN. R. MAUSKOPF, Chief United States District Judge:

Plaintiff Lawrence Green, whose claim for Supplemental Security Income ("SSI") was denied by the Social Security Administration (the "SSA"), commenced this *pro se* action against United States District Judge Kiyo A. Matsumoto, Magistrate Judge Steven M. Gold, and SSA Regional Commissioner Frederick M. Maurin on November 14, 2019 – two days after Judge Matsumoto dismissed the third of three cases which Green had brought in this Court against defendant Maurin.  The orders dismissing his prior cases discussed judicial immunity and the need to allege personal involvement of Maurin, but Green has once again sued jurists and has failed to allege Maurin's personal involvement in any constitutional or federal statutory violations.  Thus, although the Court grants Green's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this Order, this action is dismissed with prejudice and without leave to replead.

## BACKGROUND

This is the fifth action which Green has brought in the United States District Court for the Eastern District of New York in the past five years.  The first action – *Green v. Commissioner*, No. 14-CV-5489 (KAM) – was a social security appeal, in which Green challenged the

Commissioner's decision to deny him SSI. While that case was still pending before Judge Matsumoto, Green commenced a second action – *Green v. Maurin*, No. 15-CV-3967 (KAM) (SMG) – against Maurin and Jason P. Peck, the Assistant United States Attorney who was assigned to represent the Commissioner in the first action, claiming that he had not received certain documents from defendants in connection with the first case. In mid-July 2015, less than two weeks after it was filed, Judge Matsumoto, acting *sua sponte*, dismissed the second action. In the order dismissing the case, Judge Matsumoto explained the defects in the pleading, advising Green that he needed to make factual allegations suggesting that Maurin was personally involved in constitutional violations.

The social security appeal was still pending in late December 2016 when Green brought his third action: *Green v. Matsumoto*, No. 16-CV-7156 (RRM) (SMG). This action named three defendants – the same two named in the second action and Judge Matsumoto herself. In a six-page memorandum and order dated March 8, 2017, the Court, acting *sua sponte*, dismissed this action. The Court explained that judges have absolute immunity for judicial acts performed in their judicial capacities, and that Green had again failed to allege that Maurin was personally involved in constitutional violations.

In March 2019, more than two years after his social security appeal was dismissed, Green commenced a fourth action: *Green v. Maurin*, No. 19-CV-1494 (KAM) (SMG). Judge Matsumoto initially dismissed the complaint with leave to amend, explaining the notice pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure and holding that the original pleading failed to state a claim. Green never submitted an amended complaint, although he did file a three-page letter which Judge Matsumoto liberally construed as his amended pleading. In a memorandum and order dated November 12, 2019, Judge Matsumoto dismissed the fourth

action, stating that she could not "decipher a claim from plaintiff's amended complaint or glean any facts which could support a cognizable cause of action." (11/12/2019 Order (Doc. No. 19 in Dkt. No. 19-CV-1494 (KAM) (SMG)) at 4.)

Green filed the instant action on November 14, 2019 – two days after the fourth action was dismissed. In this action, Green sues three defendants: Maurin for the fourth time, Judge Matsumoto for the second time, and Judge Gold – the Magistrate Judge assigned to his three most recent actions – for the first time. The pleading – a form civil right complaint on which Green has written a few disjointed phrases – contains no factual allegations against any of the defendants. However, the complaint accuses the three defendants of "aiding and abetting" AUSA Peck, (Doc. No. 1 at 5), and twice mentions the docket number of the fourth action, (*Id.* at 1, 6).[1] In the section of the form complaint that prompts a *pro se* plaintiff to explain what relief is sought, Green states that he seeks "$1000 Billion Dollars" for a violation of his "civil right to a fair trial grand jury of a speedy motion …." (*Id.* at 6.)

On or about December 13, 2019, Green sent this Court an annotated copy of the first page of the docket sheet in this case, as well as annotated copies of other docket sheets, including one from the Second Circuit relating to his appeal of Judge Matsumoto's dismissal of the fourth action. On the docket sheet relating to this case, Green has written: "Please find them guilty soon as possible." (Doc. No. 5 at 1.)[2] On the docket sheet relating to the appeal, Green has written: "Please report this appeal for fraud and obstruction of justice in the penalty of perjury of aiding and abetting and misconduct of unarm [sic] robbery …." (*Id.* at 5.)

---

[1] It also repeatedly asserts that Peck has died, possibly to explain why Green has not named Peck as a defendant.

[2] Since the pages of this submission are not paginated, the citations refer to the page numbers assigned by the Court's Electronic Case Filing system.

3

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and "as raising 'the strongest argument that it suggests.'" *Baptista v. Hartford Bd. of Educ.*, 427 F. App'x 39, 41 (2d Cir. 2011) (quoting *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002)). Generally, "a district court should not dismiss a *pro se* complaint without permitting at least one opportunity to amend, but leave to amend can be denied if amendment would be futile." *Xian Yong Zeng v. Pompeo*, 740 F. App'x 9, 10 (2d Cir. 2018) (summary order) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

**DISCUSSION**

The instant complaint is devoid of factual allegations pertaining to any of the defendants and therefore completely fails to state a plausible claim for relief. Read liberally, the complaint may be seeking, in part, to prosecute defendants criminally for "aiding and abetting" Peck in his successful representation of the Commissioner in Green's social security appeal, which Green may perceive as an "unarmed robbery" of his benefits. However, "[i]t is well established that a private citizen has no standing to force a criminal prosecution." *Ross v. Bilow*, 166 F.3d 1201, at

4

\*2 (2d Cir. 1998) (unpublished opinion) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

It would be futile to grant leave to amend in this case. Green's complaint and his December 13, 2019, submission make it abundantly clear that this action arises from Green's displeasure with the outcome of his social security appeal and subsequent cases. As Green was advised in the course of his prior action against Judge Matsumoto, judges have absolute immunity for judicial acts performed in their judicial capacities. *Mireles v. Waco,* 502 U.S. 9, 11 (1991); *Stump v. Sparkman,* 435 U.S. 349, 356 (1978); *Dupree v. Bivona,* No. 07-CV-4599, 2009 WL 82717, at \* 1–2 (2d Cir. Jan. 14, 2009); *Colson v. New York Police Dep't,* No. 13-CV-5394 (JG) (CLP), 2015 WL 64688, at \*6 (E. D.N.Y. Jan. 5, 2015). Green fails to allege any facts to suggest that Judge Matsumoto or Magistrate Judge Gold were without jurisdiction or acted outside their judicial capacity in one of Green's prior cases, or that Green is suing over acts or omissions taken in a non-judicial capacity. Accordingly, it would be futile to grant Green leave to amend his claims against Judge Matsumoto and Magistrate Judge Gold.

With respect to defendant Maurin, this is the fourth action Green has brought against the Regional Commissioner. Green has been expressly advised in all three prior actions that he needed to allege facts suggesting personal involvement by Maurin to state a claim against this defendant. He has repeatedly failed to do so. It would be futile to give him a fourth opportunity.

## WARNING WITH REGARD TO FUTURE FILINGS

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir.

2000) (citations and internal quotation marks omitted). Green is warned that the future filing of repetitive, vexatious, and frivolous litigation may result in the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (internal quotation marks and citations omitted)); *Pierre v. U.S. Postal Serv.*, No. 18-CV-7474 (MKB), 2019 WL 653154, at *4 (E.D.N.Y. Feb. 15, 2019).

## CONCLUSION

For the reasons stated above, Green's *pro se* complaint is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Because it would be futile to permit Green to file an amended complaint, leave to amend the complaint is denied. The Clerk of Court is respectfully directed to enter judgment, to mail a copy of the judgment and this Memorandum and Order to the *pro se* plaintiff, to note the mailing on the docket, and to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:  Brooklyn, New York                         *Roslynn R. Mauskopf*
       May 20, 2020

                                                                            ROSLYNN. R. MAUSKOPF
                                                                            Chief United States District Judge